IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| KEANDRE LEE SANDERS, | ) |  |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 07-CV-572-TCK-TLW |
| JUSTIN JONES, Director, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Before the Court is the petition for a writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Respondent filed a response (Dkt. # 9) and provided the state court records necessary for adjudication of Petitioner's claims. Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition shall be denied.

As a preliminary matter, the Court notes that Petitioner is presently incarcerated at the Lawton Correctional Facility, a private prison. The proper respondent in this action is the state officer having custody of Petitioner. See Rule 2(a), *Rules Governing Section 2254 Cases*. Because Petitioner is in custody at a private prison, the state officer having custody is Justin Jones, Director of the Oklahoma Department of Corrections. Therefore, the Clerk of Court shall be directed to add Justin Jones, Director, as party respondent. The State of Oklahoma shall be dismissed from this action.

*BACKGROUND*

The record demonstrates that Petitioner Keandre Lee Sanders was convicted by a jury of Robbery With a Firearm (Count 1), Shooting With Intent to Kill (Count 2), and Possession of a Firearm, After Former Conviction of a Felony (Count 3), in Tulsa County District Court, Case No.

CF-2005-207. The trial judge sentenced Petitioner in accordance with the jury's recommendation to fifteen (15) years imprisonment on Count 1, forty (40) years imprisonment on Count 2, and five (5) years imprisonment on Count 3, with the sentences ordered to be served consecutively.

Petitioner filed a direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Stephen Greubel, he raised three propositions of error, as follows:

> Proposition 1: The trial court erred in failing to grant Appellant Sanders a continuance in order to investigate and present newly acquired exculpatory evidence; alternatively, trial counsel rendered ineffective assistance in failing to exercise due diligence and/or in failing to properly seek a continuance.
>
> Proposition 2: The trial court erred in refusing to merge count III with either Count I or Count II.
>
> Proposition 3: Failure to instruct on parole ineligibility was error.

(Dkt. # 9, Ex. 1). In an unpublished summary opinion, filed July 6, 2006, in Case No. F-2005-397 (Dkt. # 9, Ex. 3), the OCCA found that under the facts of this case, Petitioner's third claim was meritorious. Therefore, the OCCA affirmed the judgment of the trial court but modified Petitioner's sentences on Count 1 to twelve (12) years imprisonment and on Count 2 to thirty (30) years imprisonment. See id.

Petitioner filed an application for post-conviction relief in the state district court. By order filed June 27, 2007 (Dkt. # 9, Ex. 4), the state district court denied relief on the following claims:

> 1. Petitioner believes he was deprived of his right to have his punishment modified by the Court of Criminal Appeals to the minimum authorized under State law in arbitrary disregard of my State right to have the jury fix punishment.
>
> 2. I believe that I was deprived of my constitutional right to constitutionally effective assistance of counsel for my defense of my first state direct appeal without Due Process of law.

2

> 3. Access to a State judicial forum that would be able to hear and determine the merits of my ground one and two constitutional claims and thereby accord me fair adjudication of the legality of my detention and continued incarceration under the Constitution of the U.S.

Id. On October 1, 2007, Petitioner filed his petition in error and brief in support at the OCCA. See Dkt. # 9, Ex. 5. On October 29, 2007, in Case No. PC-2007-974, the OCCA dismissed the post-conviction appeal under Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App (2007), based on Petitioner's failure to file his petition in error within thirty (30) days of the entry of the district court's order. See Dkt. # 9, Ex. 6.

Petitioner filed the instant habeas corpus action on October 5, 2007 (Dkt. # 1). In his petition, Petitioner raises three (3) grounds of error, as follows:

> Ground 1: The Oklahoma Court of Criminal Appeals' modification of Sanders' sentence(s) to something other than the minimum punishment(s) authorized under state law necessarily implicate that Sanders was deprived of his right to have the jury fix his punishment without due process of law in violation of Sanders' interest(s) arising under the equal protection and due process clauses of the Fourteenth Amendment.
>
> Ground 2: Petitioner Sanders was denied his constitutional right to constitutionally effective assistance of counsel for his defense without due process of law in violation of his interest(s) arising under the equal protection and due process clauses of the Fourteenth Amendment.
>
> Ground 3: Sanders is denied fair adjudication of the legality of his detention under the constitution and laws of the United States in violation of U.S. Const. Art. 1, § 9, cl. 2; 28 U.S.C. § 2254; the First Amendment; due process of law and Sanders' interest(s) arising under the equal protection and due process clauses of the Fourteenth Amendment.

(Dkt. # 1). In response to the petition (Dkt. # 9), Respondent contends that Petitioner's claims are procedurally barred.

## ANALYSIS

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). It appears that Petitioner's claims were raised in his post-conviction proceeding and are, therefore, exhausted. To the extent any portion of Petitioner's claims has not been presented to the state courts, it is clear that in light of the procedural posture to this case, it would be futile to require Petitioner to return to state court. The OCCA would impose a procedural bar on any claim first raised in a second application for post-conviction relief. Therefore, the Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.

In addition, Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

### B. Procedural Bar

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729 (1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

In this case, Petitioner first raised his habeas claims in his application for post-conviction relief. After the state district court denied relief, see Dkt. # 9, Ex. 4, the OCCA imposed a

procedural bar on Petitioner's claims and dismissed the post-conviction appeal because Petitioner failed to file his petition in error within thirty (30) days of the entry of the district court's order denying post-conviction relief as required by Rule 5.2(C), *Rules of the Court of Criminal Appeals*. See Dkt. # 9, Ex. 6. The OCCA specifically cited to Rule 5.2(C) as authority for the procedural bar. See id.

The OCCA premised its dismissal of the post-conviction appeal on an independent and an adequate state procedural ground. The procedural bar was based an "independent" state ground because "it was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. The OCCA's reliance on Rule 5.2(C) for imposition of a procedural bar was also an "adequate" ground. See Johnson v. Champion, 288 F.3d 1215, 1227 n. 3 (10th Cir. 2002) (finding that failure to comply with Rule 5.2(C) is an "adequate" ground); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998) (same). Therefore, federal habeas corpus review of Petitioner's claims is precluded absent a showing by Petitioner of "cause and prejudice" for the default or that a fundamental miscarriage of justice will result if his claims are not considered. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997).

The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that

5

he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner did not file a reply to Respondent's response and has not otherwise demonstrated "cause" for his failure to file his post-conviction appeal in compliance with state procedural rules. The Court recognizes that in the petition, Petitioner states as follows:

> That I delivered my 22 O.S. § 1087 Appellate Rule 5 Notice of Intent to Appeal to prison authority on July 7, 2007 and I delivered my Appellate Rule 5 Petition in Error with Brief in support accompanied by in forma pauperis for mailing to the O.C.C.A., with proper postage on July 23, 2007. Houston v. Lack, 108 S.Ct. ___ [sic]; 28 U.S.C. § 1246 [sic].

(Dkt. # 1 at 2). However, Petitioner has not provided any evidence supporting his claim that he mailed his petition in error along with a request to proceed *in forma pauperis* in a timely manner. Furthermore, the OCCA does not recognize the prisoner mailbox rule. See Moore v. Gibson, 27 P.3d 483 (Okla. Crim. App. 2001). The record reflects that the petition in error was not filed at the OCCA until October 1, 2007. See Dkt. # 9, Ex. 5. Petitioner has offered no explanation for the delayed filing. He has provided no evidence suggesting interference by state officials in the delivery of his post-conviction paperwork or that some objective factor, other than his own actions, impeded his efforts to comply with the state procedural rules. As a result, the Court finds Petitioner has failed to demonstrate "cause" sufficient to overcome the procedural bar applicable to his claims.

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Petitioner does not assert that he is actually innocent

of the crimes for which he was convicted. Therefore, he does not fall within the fundamental miscarriage of justice exception. The Court concludes that Petitioner's claims are procedurally barred and habeas corpus relief shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall add Justin Jones, Director, as the party respondent. The State of Oklahoma is dismissed from this action.
2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.
3. A separate judgment shall be entered in this case.

DATED THIS 17th day of February, 2011.

_____
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE